08-5838-cr
USA v. Dodson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand nine.

Present:    JOSEPH M. McLAUGHLIN,
            ROBERT A. KATZMANN,
            GERARD E. LYNCH,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v -                         No. 08-5838-cr

MICHAEL DODSON,

                    *Defendant,*

TROY DODSON, also known as ACKBAR, also known as ACK,

                    *Defendant-Appellant.*[*]

_____

_____

[*] The Clerk of the Court is directed to amend the official caption as set forth above.

For Defendant-Appellant:                JOHN F. KALEY, Doar Rieck Kaley & Mack, New York, N.Y.

For Appellee:                          CRISTINA M. POSA, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Troy Dodson appeals from a judgment of conviction of the United States District Court for the Eastern District of New York (Gleeson, *J.*) sentencing Dodson principally to 71 months' imprisonment, following his entry of a plea of guilty, for possessing stolen credit card numbers in violation of 18 U.S.C. § 1029(a)(3). We assume the parties' familiarity with the underlying facts, procedural history of this case, and the specification of issues on appeal.

Dodson, through counsel, challenges the district court's decision at sentencing to impose a 14-level "loss" enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(H), arguing that the evidence failed to demonstrate that he possessed certain stolen credit card numbers with the requisite "intent to defraud." We review the sentence imposed by the district court for both substantive and procedural reasonableness. *United States v. Rattoballi*, 452 F.3d 127, 131-32 (2d Cir. 2006). "Reasonableness review is akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion[,] . . . committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact."

2

*United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007) (internal quotation marks omitted). In considering the propriety of a particular loss enhancement, we review the district court's factual findings for clear error, and its legal conclusions *de novo*. *United States v. Carboni*, 204 F.3d 39, 46 (2d Cir. 2000).

U.S.S.G. § 2B1.1 provides for offense-level enhancements for certain fraud-related crimes based on the amount of intended loss involved in the offense. "Intended loss" refers to "the pecuniary harm that was intended to result from the offense," and "includes intended pecuniary harm that would have been impossible or unlikely to occur." *Id.* cmt. 3(A)(ii). Such loss "shall not be less than $500 per access device," even in the absence of an actual loss. *Id.* cmts. 3(A)(ii), 3(F)(i). Although the "district court's factual findings relating to loss must be established by a preponderance of the evidence," *United States v. Brennan*, 395 F.3d 59, 74 (2d Cir. 2005), the district court "enjoys considerable discretion in calculating the loss applicable to a particular fraud," *United States v. Canova*, 412 F.3d 331, 355 (2d Cir. 2005).

Here, we are satisfied that the district court's estimate of the intended loss was reasonable and supported by a preponderance of the evidence. Specifically, the record indicates that Dodson knowingly possessed a list of stolen credit card numbers, sold a portion of those numbers to a cooperating witness for profit with knowledge that the numbers would be used without authorization, blacked out the page numbers on the portion of the list given to the cooperating witness so as to obscure the total number of pages, and failed to articulate or proffer any legitimate reason for possessing the numbers. When viewed together, this evidence provided a sufficient, non-speculative basis for the district court to conclude that Dodson possessed all of the credit card numbers with the requisite intend to defraud. Moreover, we see no error in the

3

district court's consideration of Dodson's long history of committing identity fraud by soliciting insiders, because such evidence is "probative of [Dodson's] intent in possessing the 'access devices' for which [he was] charged." *United States v. Caputo*, 808 F.2d 963, 968 (2d Cir. 1987).

Dodson argues that the fact that he only provided the cooperating witness with a portion of the list of stolen credit card numbers "strongly demonstrates" that he did not intend to defraud with respect to the remaining numbers. We have repeatedly emphasized, however, that "intent to defraud" in an unauthorized access device case need not be proven by direct evidence, and that circumstantial evidence can instead suffice. *United States v. Goldstein*, 442 F.3d 777, 783-84 (2d Cir. 2006); *see also United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999) (explaining that "direct proof of defendant's fraudulent intent is not necessary"). The circumstantial evidence in the record here provided more than a sufficient basis for the district court to conclude by a preponderance of the evidence that Dodson possessed the requisite intent to defraud, notwithstanding his failure to sell all of the numbers at issue. Accordingly, the district court did not clearly err in imposing a 14-level loss enhancement at Dodson's sentencing.

We have considered all of Dodson's remaining arguments and find them to be without merit. Thus, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____

4